The opinion of the Court was delivered by
.JohnsoN, J.
The circumstances of- this case abundantly shew, that the defendant’s title to the land, sold by him to the complainant, and described in the bill, is, when put upon the best possible footing, merely equitable. It had originally belonged to his father, Elijah Anderson, now deceased. He had contracted to sell it to Burell, and took his notes for the price, and gave him a bond to make titles. After his death, the defendant, his son and executor, agreed with Burell to rescind that contract, as it is said on his own account, and in pursuance of it, delivered up Burell’s notes, and received his testator’s bond in exchange. If then it be conceded, that the defehdant might thus barter the funds of his testator’s estate for his own emolument, and that the delivery of the bond is a legal and valid ■assignment, still the legal title is in the heirs general.of Elijah Anderson; and placing the defendant- precisely in the situation that Burell would have been in if he had retained the bond, his whole interest consisted in the right to enforce .in Equity the specific'performance of the condition of the bond on the payment of the purchase money — a title which Equity, (other considera- . tions being out of the way,) will never compel a purchaser to accept.: a purchaser is not obliged to accept an ■ equitable title, but has the right to insist on a clear legal title. Cooper vs. Denne, 1 Ves., Jr., 565 ; Sug. on Vend. 259, et seq. , I concur, however, with my brother Harper, that the complainant’s knowledge of the situation of the title, was in some sort evidence of her assent to niake the contract upon the responsibility of the defendant, and in the confidence that he would, and could, at a convenient time, extinguish the title of the heirs; but she was told at the time, that he expected to be authorized- by the Court to make titles.- Five years have elapsed, and the defendant has yet taken no step towards the perfection of the title — how long is she to wait ? Her object in purchasing was doubtless the land. What security has she, other than the personal responsibility of defendant, that her title will ever be perfected? and here I must notice a most important circumstance which seems to have been entirely overlooked by the Chancellor, and which *171 if it had struck his attention, I am satisfied would have materially changed his view of the case.
Whatever .might have been the situation of the defendant at the time of the contract, the bill charges that at the time of its filing, the defendant was in doubtful or insolvent circumstances. That is not directly controverted, and the fact is said to be matter of public notoriety. The effect of the Circuit Court decree is, then, to compel the complainant, as a purchaser, to pay for a tract of, land, to which the defendant, the seller, had at most a merely equitable title dependent upon his paying for it— which he is not now, and probably never will be able to do. Whatever knowledge she may have had of the state of the title, it will not be believed that she could have foreseen, and contracted with reference to these results, and Equity will not compel her to perform the contract upon a mere hazard, and on conditions so unreasonable: but upon the same principle of Equity, she must account with the defendant for whatever .benefit she may have derived from the contract.
It is, therefore, ordered and decreed, that the complainant do account before the Commissioner, for the rents and profits of the land .during the time she has had it in possession, deducting therefrom the value of any permanént improvements that she may have made, as well on the land defined in defendant’s bond, as that which he represented as contained within the boundaries, and that she pay to defendant the balance that may be so found to be due, if any thing, and that she deliver up, to be cancelled, the defendant’s bond to make titles. And it is further ordered and decreed, that the defendant be forever enjoined from proceeding in his action at law against the said complainant, on her notes of hand or other obligation, given as the price of the said land, and that he also deliver up the said notes, or other obligation, to be cancelled.
O’Neall and Maktln, JJ., concurred.

Decree reversed.